IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-40836
Summary Calendar

LAVERNE SCHWARTZ

Plaintiff - Appellant

V.

ALLSTATE TEXAS LLOYD'S INSURANCE COMPANY

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-338

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Laverne Schwartz appeals a jury verdict denying her compensation for the destruction of her home, compensation allegedly owed her under an Allstate insurance policy. We AFFIRM the judgment below.

The jury found, in response to a specific interrogatory, that Schwartz did not comply with a condition precedent found in her policy, namely, a requirement that she "submit to an examination under oath as often as

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonably required by Allstate." Schwartz argues that there was not sufficient evidence for this determination because she endured nine hours of such examination and because Allstate did not demonstrate that it was prejudiced by not having more time. Allstate counters that Schwartz terminated the examination before it could explore significant issues related to her recovery and that these issues are not, in any case, properly before us on appeal.

Schwartz has likely failed to adequately brief the issues that she raises. See Dardar v. Lafourche Realty Co., 985 F.2d 824, 831 (5th Cir. 1993). But even read with utmost charity, her arguments fail. Schwartz does not make even the beginning of an argument regarding the proper standard of review to employ, choosing instead to simply restate her substantive issues. In contrast, Allstate points out that Schwartz failed to preserve either of her issues for appeal, thereby making our standard of review quite narrow. Schwartz does not rebut Allstate's claim. Moreover, Schwartz supplies no authority for her substantive positions.

Schwartz does not indicate that she raised her insufficiency claim in a motion for judgment as a matter of law. It appears instead in a motion for a new trial. We generally forbid review of insufficiency claims "unless a motion for directed verdict was made at the close of all the evidence by the party seeking that review." Hall v. Crown Zellerbach Corp., 715 F.2d 983, 986 (5th Cir. 1983). In such circumstances we only inquire into the existence of any evidence to support the jury's verdict or whether there was plain error. Id. The fact that Schwartz raised the issue in a motion for new trial only requires us to consider whether the district court abused its discretion in overruling the motion. Coughlin v. Capitol Cement Co., 571 F.2d 290, 297 (5th Cir. 1978).

Schwartz has made no argument regarding our standard of review, focusing only on the existence of evidence that she submitted to some examination. She has not argued that no evidence supported the jury's verdict,

that plain error occurred, or that the district court abused its discretion. Accordingly, her failure to preserve these issues for appeal is fatal to her claim here, as is her failure to present to us any authority for her position that nine hours is, as a matter of law, the outer limit of reasonable examination by an insurance company.

Schwartz also appears to argue that the jury should also have been required to find that Allstate was prejudiced in order for Allstate to prevail. But Schwartz does not indicate that she requested an interrogatory related to prejudice. Failure to submit this issue to the jury waives her argument on appeal. See Molex, Inc. v. Nolen, 759 F.2d 474, 478 (5th Cir. 1985); FED. R. CIV. P. 49(a). Schwarz also has failed to provide any meaningful basis for her argument that prejudice is required in these circumstances, depending instead on inapposite Indiana state cases.

Schwartz has offered no evidence, and little argument, that the jury verdict and judgment below were incorrect. Both are therefore AFFIRMED.